IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                                  No. 1:16-cr-00848-WJ

JOSE CHAVIRA,

      Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Successive Prosecutions in Violation of Double Jeopardy [Doc. 36], filed July 24, 2018. For the reasons stated below, Defendant's motion is **DENIED**.

On March 8, 2016, a Federal Grand Jury returned an indictment against Defendant charging him with Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 2. On May 12, 2016, Defendant was "convicted in a New Mexico state court for the possession of a firearm by a felon." Doc. 36 at 1. "Both the state and federal charges were predicated on the same gun and the same instance of possession." *Id.* Defendant filed the subject motion requesting the Court dismiss the indictment because it is "in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.*

The Supreme Court, in *Gamble v. United States*, recently reaffirmed its longstanding precedent that under the dual-sovereignty doctrine, the Double Jeopardy Clause allows successive prosecutions by separate sovereigns. 139 S. Ct. 1960 (2019). The Court explained that it has "long held that a crime under one sovereign's laws is not 'the same offence' as a crime under the laws

of another sovereign" and, therefore, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute. Or the reverse may happen." *Id.* at 1964.

Defendant filed the subject motion prior to the Supreme Court deciding *Gamble*. Hopeful the Supreme Court's decision in *Gamble* would benefit Defendant, Defendant explained that the Supreme Court's grant of certiorari in *Gamble* "raise[d] an interesting prospect for the instant prosecution. If the Supreme Court were seeking to reaffirm the constitutionality of the separate sovereign doctrine, it could easily have denied the petition, and the separate sovereign doctrine, as it was recently affirmed, would remain unchanged." Doc. 36 at 3. The Supreme Court in *Gamble*, however, did reaffirm the constitutionality of the separate sovereign doctrine and made clear that the Double Jeopardy Clause allows successive prosecutions by separate sovereigns. Defendant's motion, therefore, is without merit.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Successive Prosecutions in Violation of Double Jeopardy [Doc. 36] is **DENIED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**